Nov. Term, 1857.

O'DAILY
v.
THE STATE.

(1) Mr. *Iglehart* cited the following authorities: Touching the verity of a record, 2 Smith's Lead. Cas. 488, note to *Duchess of Kingston's Case.*

"If a person, with full knowledge, permits another to sell his property as the property of the vendor, he will not be permitted to question the title of a *bona fide* purchaser." 4 Kent's Comm. 261, note 1, 7th ed. So in *Springstein* v. *Schermerhorn*, 12 Johns. 362, it was held that if a party agrees, under seal, to receive a lease of his own land, or that such lease shall be made to another, he is estopped from denying the title in the grantor, and setting forth the estate in himself. So in *Reid* v. *Heasley*, 2 B. Mon. 254, it was held that when a sale was made by the sheriff, of lands in possession of the execution-defendant, with his assent, he was estopped from showing that he had no title in the land subject to execution. And in *Major* v. *Deer*, 4 J. J. Marsh. 585, in discussing the same question, the Court say, "where the land is sold at the instance, and with the assent, express or presumed, of the defendant, as he is benefited by it, he should be bound by it as his own voluntary act, and should not be permitted to show that the purchaser acquired no title."

---

## O'DAILY *v.* THE STATE.

*Friday, November 27.*

APPEAL from the *Tippecanoe* Court of Common Pleas. Prosecution under the liquor law of 1855.

*Per Curiam.*—A majority of the Court sitting at the present term, regarding the liquor act of 1855 as void, hold

the judgment in this case erroneous. The judgment must be reversed, and the information should be quashed (1).

*W. C. Wilson, S. A. Huff, G. O. Behm,* and *G. Gardner,* for the appellant.

Nov. Term, 1857.

(1) See *Beebe* v. *The State,* 6 Ind. R. 501. *Porter* v. *The State,* on appeal from the Common Pleas of *Tippecanoe,* and *Longnesser* v. *The State,* on appeal from the *Spencer* Common Pleas, were cases of the same kind, and were this day reversed for the reasons given above.